No. 766 August 12, 2026 199

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALAN CHANCE JAMERSON,
*Defendant-Appellant.*

Washington County Circuit Court
22CR04496; A183865

Oscar Garcia, Judge.

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant challenges his convictions for first-degree rape, ORS 163.375; attempted first-degree sodomy, ORS 163.405; and two counts of first-degree sexual abuse, ORS 163.427. He raises three assignments of error: (1) that the trial court erred in excluding evidence of a prior false allegation made by the complainant, (2) that it erred in overruling defendant's vouching objection to a school counselor's testimony, and (3) that it plainly erred in failing to strike defendant's testimony that an Oregon Department of Human Services (ODHS) worker told defendant that "something was founded." We affirm.

*Exclusion of Prior False-Allegation Evidence.* Relying on *State v. LeClair*, 83 Or App 121, 130, 730 P2d 609 (1986), *rev den*, 303 Or 74 (1987), defendant moved pretrial to admit evidence that the complainant had made a prior false accusation of sexual abuse against her cousin when complainant was four years old. The trial court denied defendant's motion, ruling that the probative value of that evidence was substantially outweighed by the risk of delay. On appeal, defendant assigns error to that ruling, reiterating the arguments made below. Among other things, the state responds that *LeClair* does not allow for the admission of extrinsic evidence, which is the only type of evidence that defendant sought to introduce. Defendant does not reply to that argument. We review for legal error. *State v. Nelson*, 246 Or App 91, 98, 265 P3d 8 (2011).

Generally, OEC 608(2)[1] bars extrinsic evidence of specific instances of a witness's conduct to attack the witness's credibility. However, we have held that the Oregon Constitution requires an exception to that general rule in specific circumstances:

"[R]egardless of the prohibitions of OEC 608, the Confrontation Clause of Article I, section 11,[2] requires

---

[1] OEC 608(2) provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in [OEC 609], may not be proved by extrinsic evidence. Further, such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness."

[2] Article I, section 11, provides in relevant part, "In all criminal prosecutions, the accused shall have the right *** to meet the witnesses face to face[.]"

that the court permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the defendant demonstrates to the court that those accusations were false; or 3) there is some evidence that the victim has made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on the cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."

*LeClair*, 83 Or App at 130. Critically, when a defendant satisfies one of *LeClair*'s three requirements, the result is only that they may *cross-examine* the complainant about the prior accusation—they do not get to admit extrinsic evidence regarding the prior accusation. *Nelson*, 246 Or App at 102 (explaining that, under *LeClair*, "evidence would be admissible only to impeach the victim's credibility on cross-examination; defendant would not be allowed to introduce extrinsic evidence of the allegations"); *State v. Driver*, 192 Or App 395, 400, 86 P3d 53, *rev den*, 337 Or 248 (2004), *cert den*, 543 US 1126 (2005) ("[I]n a sex abuse case, if *LeClair*'s three-part test is met, the defendant may cross-examine the alleged victim regarding prior false allegations of abuse. However, *** neither *LeClair* nor the Confrontation Clause extends that exception to extrinsic evidence.").

Here, in the pretrial hearing on defendant's motion, defendant relied exclusively on extrinsic evidence to establish that "there is some evidence that the [complainant] has made prior accusations that were false." Although that is certainly a permissible method of laying the necessary foundation under *LeClair*, by all appearances, it seems that defendant was not simply presenting that extrinsic evidence to lay a foundation—he was seeking to admit that extrinsic evidence at trial. But such extrinsic evidence was inadmissible under OEC 608(2), and the constitutional exception recognized in *LeClair* did not apply to such extrinsic evidence.

To the extent that defendant was, in fact, seeking only to cross-examine the complainant about her prior allegation against her cousin, the problem for defendant on appeal is that he made no offer of proof as to what her

response would have been to that cross-examination. Even assuming that defendant wanted only to cross-examine the complainant about her prior allegation, and even assuming an error in denying that opportunity, such an error would be reversible only if it was likely to affect the verdict. *State v. Anderson*, 314 Or App 495, 497, 498 P3d 843 (2021) ("Evidentiary error is not presumed to be harmful, and we will affirm a defendant's conviction if there is 'little likelihood' that the particular error affected the verdict."). Because defendant failed to make an offer of proof as to how the complainant would have responded to cross-examination about the prior allegation, we cannot say that any error allows for reversal. *State v. Krieger*, 291 Or App 450, 455, 422 P3d 300, *rev den*, 363 Or 599 (2018) ("The offer of proof permits the appellate courts to decide whether error occurred. And, ultimately, the offer permits the appellate courts to determine whether an error was likely to have affected the result of the case so as to constitute prejudicial error.").

In short, to the extent that defendant sought to admit extrinsic evidence of the prior false allegation at trial, it was not error to exclude that evidence. And to the extent that defendant sought simply to cross-examine the complainant about that prior allegation, the lack of an offer of proof means that we cannot conclude that the trial court committed reversible error.

*School Counselor's Testimony.* Next, defendant assigns error to the trial court overruling his vouching objection to testimony from the complainant's school counselor, in which the counselor testified that he did not push complainant to talk to him about the sexual abuse allegations because he knew that the complainant's mother "had been working with [O]DHS and our mental health care coordinator to get [the complainant] set up with mental healthcare support[.]" Defendant argues that that constituted error because that testimony constituted impermissible vouching by implying that ODHS and/or the school's mental healthcare provider believed that the complainant was telling the truth about her allegations against defendant. We review for legal error.

*State v. Solano*, 332 Or App 646, 654, 551 P3d 938, *rev allowed*, 372 Or 763 (2024).

"'Vouching' refers to the expression of one's personal opinion about the credibility of a witness." *State v. Murphy*, 319 Or App 330, 334-35, 510 P3d 269 (2022). "A direct comment on the credibility of a witness or a statement that is 'tantamount' to stating that another witness is truthful is not admissible[.]" *State v. Beauvais*, 357 Or 524, 543, 354 P3d 680 (2015). "Whether proffered testimony constitutes impermissible vouching is measured by whether it conveys one witness's opinion of the truthfulness of another witness, or, instead, provides information that permits the jury to make that determination." *State v. Black*, 364 Or 579, 587-88, 437 P3d 1121 (2019); *accord Alne v. Nooth*, 288 Or App 307, 314, 406 P3d 109 (2017) (the question is "whether the testimony at issue directly expressed an opinion on the truth of another witness's statement or merely tended to show that another witness either is or is not telling the truth").

We readily conclude that the trial court did not err. In context, the school counselor was explaining why he did not push the complainant to speak with him about the alleged sexual abuse—that is, because he believed she was getting mental health support from elsewhere. He did not suggest that he had any inside knowledge of whether ODHS employees or anyone else believed or disbelieved the complainant's allegations.

*Defendant's Testimony that ODHS Believed "Something was Founded."* Defendant testified at trial, and during redirect examination, he spontaneously and non-responsively testified that an ODHS investigator said that "something was founded." Defense counsel did not object to or ask the court to strike that response. On appeal, he argues that the trial court plainly erred in failing to strike that response because it constituted vouching evidence.

We have held that a trial court commits plain error in failing to strike "unambiguous[]" vouching. *Murphy*, 319 Or App at 335. Here, we conclude that the testimony did not constitute unambiguous vouching. The statement itself—"something was founded"—is exceedingly ambiguous.

Absent any evidence about what it means for ODHS to find an allegation to be "founded," specifically what information ODHS relied on to make that determination, or what the "something" was, it could mean that the ODHS investigator believed the complainant, but it could also mean any number of things that do not necessarily rely on the investigator's credibility finding. Thus, we conclude that it was not plain error for the trial court to fail to strike the testimony *sua sponte*.

Affirmed.